**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HA PHAN, Petitioner, | ) | |
| vs. | ) | Civil Action No. 3:25-cv-562<br>Judge Stephanie L. Haines<br>Magistrate Judge Richard A. Lanzillo |
| LEONARD ODDO and TODD LYONS, Respondents. | ) | |

**MEMORANDUM ORDER**

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed *pro se* by Ha Phan ("Petitioner") (ECF No. 4). On July 31, 2025, Petitioner's Order of Supervision ("OSUP") was revoked by U.S. Immigration and Customs Enforcement ("ICE") and he was taken into custody for potential removal. ECF No. 4, p. 3. It seems he was initially detained at Moshannon Valley Processing Center but now is held at the Federal Correctional Institution at Lewisburg ("FCI-Lewisburg").

Petitioner is a citizen of Vietnam who has been in the United States since May 17, 1980, when he entered the country as a 4-year-old refugee. ECF No. 27, p. 2. In 2009 an Immigration Judge ordered Petitioner removed to Vietnam after he was convicted of a federal crime. ECF No. 27, p. 2. A final order of removal was issued on April 27, 2009, but ICE was unable to deport him and he was released under OSUP. ECF No. 4, p. 8. He states he is now illegally in prolonged detention and seeks release. This matter was referred to Magistrate Judge Richard A. Lanzillo for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On July 23, 2026, Magistrate Judge Lanzillo filed a Report and Recommendation (ECF

No. 34) recommending that the Petition (ECF No. 4) be granted and the Petitioner be released from custody because he has been detained for over twelve months and there is "no significant likelihood of removal in the reasonably foreseeable future." ECF No. 34, pp. 4-5; *Zadvydas v. Davis*, 533 U.S. 678 (2001). The Parties were advised that they could file objections within fourteen days and that another fourteen days would be afforded to respond to any objections. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Respondents filed timely Objections (ECF No. 35) and after an extension (ECF No. 37), Petitioner filed his Response to the Objections (ECF No. 38). Petitioner has also filed a Motion for Status Update (ECF No. 40). The case is ripe for the Court's consideration.

The issue in the case is whether the Court interprets deportation activity of other Vietnam citizens and any recent developments in removal as they pertain to Petitioner individually amount to his deportation being reasonably foreseeable. If the activity cited supports the assertion that Petitioner's removal is reasonably foreseeable, then Respondents are justified in Petitioner's continued custody. If the information does not support that Petitioner is likely to be removed in the foreseeable future, he should be released subject to appropriate conditions of release.

In Respondents' Objections (ECF No. 35) they assert that Petitioner has not met his burden of showing that there is no significant likelihood of removal in the foreseeable future. Most notably they state that Vietnam has now responded to the application for travel document. ECF No. 35, p. 2. The Vietnamese Government has asked for more information and requested an interview. ECF No. 35, p. 3. Once that interview is conducted a decision on the travel documents will be made within thirty (30) days. ECF No. 35, p. 3. They state that under *Joseph v. United States*, 421 F.3d 224 (3d Cir. 2005), the Court must consider not just the passage of time in detention but also consider "documentary evidence" of the reasonable likelihood of removal.

Respondents point to the fact that Vietnam is regularly accepting travel documents and in the last year 327 Vietnamese Nationals who entered the United States before 1995 have been returned to Vietnam. ECF No. 35, p. 3. Respondents assert that the Magistrate Judge did not pay proper deference to the actual movement taking place with the Vietnamese Government and in Petitioner's removal but instead relied too heavily on affiants who suggest that removal is only speculative.

Petitioner's Response (ECF No. 38) states that the Objections (ECF No. 35), and the Supplemental Declaration of Deportation Officer Alex Hans (ECF No. 35-1) which states the Petitioner's removal is imminent, only proves that the process is ongoing and removal is not imminent. ECF No. 38, p. 1. Petitioner states that during an interview the Vietnamese Consulate stated it had no birth certificate and no records concerning Petitioner in Vietnam. ECF No. 38, pp. 1-2.[1] Petitioner makes other arguments that removal statistics are not evidence of likelihood of removal for Petitioner, absence of denial is not likelihood of a grant, and that he has carried his burden of proof. ECF No. 38, pp. 4-5. This Court finds Petitioner's arguments persuasive.

Upon review of the record and the Report and Recommendation (ECF No. 34) pursuant to Local Civil Rule 72.D.2, the Court will accept the recommendations of Magistrate Judge Lanzillo in this matter. Magistrate Judge Lanzillo correctly found that Petitioner has sustained his burden that removal is not reasonably foreseeable. The Court takes judicial notice that movement had occurred with the Vietnamese Government as to Petitioner's travel papers and understood the process to be that an interview would take place and some determination would be made within thirty (30) days of the interview. ECF No. 35, p. 3. As the Court stated, it is questionable whether

[1] The Court cannot determine whether the interview has occurred or not. Petitioner first states that an interview has not been scheduled, ECF No. 38, p. 1, but also states that he had a FaceTime interview where they could not find records that connected him to Vietnam. ECF No. 1, p. 3.

the interview has occurred. Even if it has occurred, the thirty-day timeline to issue or deny travel papers has long expired since Respondents reported the interview was forthcoming. So, while movement may have occurred at one time, it has surely stalled and proof of other cases proceeding does not persuade this Court that this case will proceed timely.

In its due diligence, this Court performed a detainee locater search for Petitioner on the U.S. Immigration Customs and Enforcement website and found no results for Petitioner under his A-number. However, upon calling ICE Office of Enrollment and Removal Operations, a representative reported that Petitioner remains detained. This information was confirmed by Respondents' counsel and no other update has been provided to the Court as to the progress, if any, that has been made in the deportation of Petitioner. Given the fact that Petitioner has now been detained approximately 15 months in ICE custody and given that his interview is likely still pending and the Vietnam Government still struggles to identify him as a Vietnamese Citizen, this Court finds that Petitioner has sustained his burden of proof that removal is not reasonably foreseeable and he shall be released from detention.

Accordingly, the following order is entered:

**ORDER**

AND NOW, this 6th day of October, 2026, IT IS ORDERED that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 4) hereby is GRANTED. Petitioner shall be immediately released from ICE Custody under appropriate conditions of supervision; and,

IT IS FURTHER ORDERED that Magistrate Judge Lanzillo's Report and Recommendation (ECF No. 34) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that Respondents Objections (ECF No. 35) are OVERRULED; and

IT IS FURTHER ORDERED that Petitioner's Response (ECF No. 38) is SUSTAINED; and

IT IS FURTHER ORDERD that the Motion for Status Update (ECF No. 40) is DENIED as MOOT; and

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

Stephanie L. Haines
United States District Judge